IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 20-cv-00159-CMA-STV

KATHRYN L. JUDSON,

    Plaintiff,

v.

WALGREENS CO.,
MITCHELL BRAMLAGE, and
JAMIE GLENN,

    Defendants.

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Defendants' Motion for Summary Judgment (Doc. # 46), wherein Defendants Walgreens Co. ("Walgreens"), Mitchell Bramlage ("Bramlage"), and Jamie Glenn ("Glenn") (together, "Defendants"), move for summary judgment on all claims. Plaintiff Kathryn L. Judson opposes the Motion. (Doc. # 49.) For the following reasons, the Motion is denied.

## I.    LEGAL STANDARDS

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it is essential to the proper disposition of the claim under the relevant substantive law. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). A dispute is "genuine" if the evidence is such

that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee, Okl.*, 119 F.3d 837, 839 (10th Cir. 1997). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *See id.* However, conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact and entitlement to judgment as a matter of law. *Id.* In attempting to meet this standard, a movant who does not bear the ultimate burden of persuasion at trial does not need to disprove the other party's claim; rather, the movant need simply point out to the Court a lack of evidence for the other party on an essential element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the movant has met its initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Id.* Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671. Stated differently, the party must provide "significantly probative evidence" that would support a verdict in his favor. *Jaramillo v. Adams Cty. Sch. Dist. 14*, 680 F.3d 1267, 1269 (10th

Cir. 2012). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.*

## II. ANALYSIS

Upon consideration of the Motion, the related briefing, and the applicable law, the Court finds that there are genuine disputes of material fact that preclude summary judgment on Dr. Judson's claims for sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Colorado Anti-Discrimination Act, Colo. Rev. Stat. § 24-34-301, *et seq.* ("CADA"); retaliation under Title VII and CADA; and outrageous conduct, including, but not limited to:

- whether Defendants investigated Walgreens' customers alleged sexual harassment of Dr. Judson, including when Defendants first asked Dr. Judson to identify the customers who harassed her;
- to what extent Defendants knew about the ongoing sexual harassment of Dr. Judson;
- whether the sexual harassment was severe or pervasive enough to create an abusive working environment or alter the conditions of Dr. Judson's employment;
- whether Defendants took steps reasonably calculated to end the harassment, including whether Defendant Glenn took protective measures to prevent a customer who sexually harassed Dr. Judson in April and June of 2019 from returning to the Clifton Walgreens location;
- whether Defendant Glenn told Dr. Judson she should consider sexual harassment by customers "a compliment" and/or instructed Dr. Judson to stop

3

wearing skirts or dresses to work because they give customers "the wrong idea";

- whether Dr. Judson violated HIPPA guidelines and/or Walgreens policy in connection with the written warnings she received; and
- whether Defendant Bramlage impeded Dr. Judson's efforts to transfer to a Walgreens store in Thornton, Colorado.

On March 31, 2021, this Court granted Defendants' Motion to Dismiss Plaintiff's Fourth, Sixth, and Seventh Claims (Doc. # 14) to the extent it sought dismissal of Dr. Judson's aiding and abetting claims against Defendants Glenn and Bramlage (Claims 4 and 6). (Doc. # 58.) Accordingly, to the extent Defendants move for summary judgment on Dr. Judson's aiding and abetting claims, the Motion is denied as moot.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment (Doc. # 46) is DENIED.

DATED: July 12, 2021

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge